IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 13-00292 WHA |
| v. | |
| PAUL FISCHER, | **ORDER DENYING MOTION FOR EARLY TERMINATION AND VACATING HEARING** |
| Defendant. / | |

### INTRODUCTION

Defendant has filed a motion for early termination of supervised release. For the reasons stated below, the motion is **DENIED**. The hearing previously scheduled for March 18 is **VACATED**. Defendant, however, may file a renewed motion for early termination on or after **NOVEMBER 20, 2014**.

### STATEMENT

In October 2009, defendant Paul Fischer pled guilty to maintaining drug-involved premises, a violation of Section 856(a)(1) of Title 21 of the United States Code. According to probation, that crime involved 270 marijuana plants, with defendant playing an aggravated role by recruiting and directing other defendants in this offense.

Following his plea agreement, defendant was sentenced in the Eastern District of California to 33 months of custody and three years of supervised release thereafter. This term of supervised release then began on July 3, 2012, and will expire on July 2, 2015 — approximately

sixteen months from now.  Defendant's supervised release was transferred here, to this district, last year.

Defendant has now filed a motion for early termination of supervised release.  Both probation and the government have filed oppositions thereto.  Based on the parties' briefing as well as the reasons discussed below, defendant's motion is **DENIED**.

## ANALYSIS

Under the factors of Section 3553(a) of Title 18 of the United States Code, a court may terminate a term of supervised release "after the expiration of one year of supervised release . . . ."  18 U.S.C. 3583(e)(1).  The factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), *and* (a)(7).

Defendant seeks early termination of supervised release largely because he wishes to expand his consulting business with his employer, Transition Nutrition.  Since his release from custody, defendant has been working full-time for Transition Nutrition, processing orders and shipping products for the company as well as providing nutritional coaching and consulting.  In defendant's view, being able to travel without supervised release restrictions would allow him to meet new clients and help grow his coaching and consulting business (Br. 2).

The order notes that defendant has only completed approximately twenty months of supervised release, with another sixteen months to go.  To that end, United States Probation Officer Marlana Peter submits that defendant has paid his special assessment and other fines related to his offense, and that he has had no violations of his conditions of supervised release.

Nonetheless, Probation Officer Peter opposes early termination for three reasons. *First*, she explains that early termination is unnecessary because probation can approve of "any appropriate travel requests" made by defendant for domestic or international travel (Opp. 2). In fact, probation has already approved of all of defendant's travel requests thus far. *Second*, she points to defendant's aggravated role in his offense as a reason for why he is not a proper candidate for early termination. *Third*, she asserts that defendant's compliance with supervised release, while commendable, is not enough on its own to present changed circumstances or exceptionally good behavior to justify early termination. *See, e.g.*, *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). The government likewise opposes early termination for similar reasons.

In light of the factors that the undersigned judge must consider under Section 3583(e)(1), the amount of time remaining for defendant's supervised release, and the oppositions submitted by the government and probation, the order finds that early termination of supervised release is not warranted at this time. Defendant's motion is thus **DENIED**. Nevertheless, if defendant continues to work full-time in a lawful occupation, while performing satisfactorily and in accordance with his conditions of supervised release, defendant may file a renewed motion for early termination on or after **NOVEMBER 20, 2014**.

**IT IS SO ORDERED.**

Dated: March 13, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3